IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2009

Charles R. Fulbruge III
Clerk

No. 09-10774

IN RE: CHON QUEVEDO FLOWERS,

Movant

Motion for an order authorizing
the United States District Court for the Northern
District of Texas to consider
a successive 28 U.S.C. § 2254 application

Before GARWOOD, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:

Chon Quevedo Flowers, Texas prisoner # 652860, filed in 2009 the instant motion requesting authorization to file in the district court a successive 28 U.S.C. § 2254 application for a writ of habeas corpus challenging his 1993 conviction and sentence for murder. He argues that he should be allowed to file a successive application because he is actually innocent of the offense. He also seeks to argue that he was convicted based on evidence obtained during an unconstitutional arrest and search of his home and did not receive pretrial suppression hearings to address those violations. Finally, Flowers seeks to argue that he was denied the effective assistance of counsel because his attorney failed to preserve his Fourth Amendment rights and failed to object to a suspect in-court identification procedure, a suspect out-of-court identification procedure, and perjured testimony.

Flowers argues that he need not obtain authorization to file a second § 2254 application attacking his conviction because his first § 2254 application

was dismissed as time barred. Because the claims Flowers raises in his proposed § 2254 application were or could have been raised in his first § 2254 application, which was filed in 1998 and later that year was dismissed as time-barred under section 2244(d)(1)(A) (and as to which dismissal we and the district court denied a certificate of appealability), the instant application is successive. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998); Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044, 1045-46 (5th Cir. 1989); In re Pope, No. 08-50957 (5th Cir. Dec. 3, 2008). See also Altman v. Benik, 337 F.3d 764 (7th Cir. 2003).

We will not consider Flowers's proposed claims to the extent they were raised in first § 2254 application. See 28 U.S.C. § 2244(b)(1).

Flowers has not made a prima facie showing that his remaining claims are based on a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or that the factual predicates of his claims could not have been discovered previously through the exercise of due diligence. See § 2244(b)(2). Nor has Flowers established that he should be allowed to file a successive habeas application based on his assertion of innocence. Even if an actual innocence exception survives § 2244(b)'s bar to filing a second or successive habeas application, a question we do not answer here, Flowers has offered no new evidence demonstrating that it is more likely than not that no reasonable jury would have convicted him. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001).

Accordingly, IT IS ORDERED that Flowers's motion for authorization to file a successive § 2254 application is DENIED.