# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

Lyle W. Cayce
Clerk

No. 11-50417
Summary Calendar

JOHNNIE R PROPES,

Petitioner-Appellant

v.

DISTRICT ATTORNEY OFFICE, Collin County 366th Judicial; CITY OF PLANO POLICE DEPARTMENT; OTHERS INVOLVED,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CV-235

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Johnnie R. Propes, Texas prisoner # 1178904, moves this court for a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2241 petition as an untimely 28 U.S.C. § 2254 application. Propes is serving an 18-year sentence for murder. He argues that he is not attempting to challenge his murder conviction, but rather is attempting to test the constitutionality of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

State's actions in withholding certain DNA, ballistic, and forensic evidence from him both before trial and after his conviction.

This court may not grant a COA unless Propes makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a § 2254 application is dismissed on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Propes's claim that the State withheld evidence implicitly challenges the validity of his conviction. Therefore, the district court properly construed this action as arising under § 2254. *See Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998).

The instant § 2254 application is Propes's third such filing. The instant § 2254 application alleged defects in Propes's conviction that occurred at trial or before he filed his first federal application in 2005; therefore, his current application is successive. *Propes v. Quarterman*, 573 F.3d 225, 230 (5th Cir. 2009); *see Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). An applicant for relief under § 2254 must obtain this court's authorization before filing a second or successive application. 28 U.S.C. § 2244(b)(3)(A). This court did not authorize the filing of a successive § 2254 application in this case. Because Propes's petition was an unauthorized successive § 2254 application, reasonable jurists would not find the district court's dismissal of his application debatable or wrong. *See Slack*, 529 U.S. at 484. Consequently, his motion for a COA is DENIED.

Propes has previously been warned that frivolous, repetitive, or otherwise abusive filings would invite sanctions. Propes has failed to heed this warning. According, Propes is ORDERED to pay a sanction in the amount of $100 to the Clerk of this Court. He is BARRED from filing any pleading in this court or in

any court subject to this court's jurisdiction challenging his murder conviction until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such a challenge. Propes is further CAUTIONED that future attempts to evade the requirements of § 2244 and any future frivolous, repetitive, or otherwise abusive filings in the district court or in this court will subject him to additional and progressively more severe sanctions.