**REVISED JANUARY 22, 2014**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 14-20051

United States Court of Appeals
Fifth Circuit

**FILED**
January 21, 2014

Lyle W. Cayce
Clerk

In re: EDGAR ARIAS TAMAYO

Movant

On Transfer from District Court
Motion for an Order Authorizing
the United States District Court for the Southern
District of Texas to Consider
a Successive 28 U.S.C. § 2254 Application

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Edgar Arias Tamayo ("Tamayo") is scheduled to be executed by the State of Texas on January 22, 2014. He filed a federal habeas petition in district court which the court construed as a successive habeas petition requiring transfer to our court under 28 U.S.C. § 1631. We therefore must determine whether this application is a successive habeas petition and, if so, whether we should grant authorization. Concluding that this action is not a successive habeas petition, we REMAND the application back to the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Factual and Procedural History

Tamayo and Jesus Mendoza were arrested in the parking lot of a bar in Harris County, Texas on January 31, 1994, for robbing a patron. After the men were searched and handcuffed, Officer Guy Gaddis of the Houston Police Department placed them in a patrol car, with Tamayo seated behind Officer Gaddis. When Officer Gaddis stopped to make a phone call, Tamayo revealed to Mendoza that he had a gun in his waistband. The evidence at trial showed that Tamayo managed to remove the gun from his waistband despite the fact that he was handcuffed. When Officer Gaddis returned to the vehicle and drove away, Tamayo shot Officer Gaddis multiple times. The patrol car crashed into a residence, and Tamayo escaped through a broken window. The police were called to the scene and captured Tamayo as he ran down the street near the crash, still handcuffed. Officer Gaddis was taken to the hospital immediately, but he was pronounced dead upon arrival.

Tamayo gave two written statements admitting that he had the gun in the police car, that he shot Gaddis, and that he knew Gaddis was a police officer. At trial, the evidence indicated that Tamayo, rather than Mendoza, was the shooter. The State also presented evidence that Tamayo had purchased the gun several days before the murder. The jury found Tamayo guilty of capital murder and subsequently sentenced him to death. Tamayo appealed to the Texas Court of Criminal Appeals ("CCA"), which affirmed his conviction. *Tamayo v. State*, No. AP-72,033 (Tex. Crim. App. 1996).

In February 1998, Tamayo sought state habeas relief based on ineffective assistance of counsel ("IAC") for failing to investigate evidence of organic brain damage. The CCA rejected Tamayo's claim in June 2003. *Ex parte Tamayo*, No. WR-55,690-01 (Tex. Crim. App. 2003) (not designated for publication).

No. 14-20051

In September 2003, Tamayo filed his federal habeas application, reasserting his IAC claim based on counsel's failure to investigate the alleged organic brain injury.  Tamayo moved to stay the proceedings in 2005 to allow him to return to state court to present additional claims, including two claims under the Vienna Convention on Consular Relations (the "Vienna Convention"), Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 and a claim that he was ineligible for execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). The CCA dismissed these successive habeas petitions as an abuse of the writ. *See Ex parte Tamayo*, 2010 WL 2332395 (Tex. Crim. App. 2010) (not designated for publication) (*Atkins* Claim); *Ex parte Tamayo*, 2008 WL 2673775 (Tex. Crim. App. 2008) (not designated for publication) (Vienna Convention Claim); *Ex parte Tamayo*, WR-55,690-02 (Tex. Crim. App. Sept. 10, 2003) (not designated for publication) (Vienna Convention Claim).

Tamayo amended his federal habeas petition, adding his Vienna Convention and *Atkins* claims.  In March of 2011, the federal district court denied Tamayo federal habeas relief on his claims and determined that he was not entitled to a COA.  *Tamayo v. Thaler*, 4:03-cv-03809 (S.D. Tex. Mar. 25, 2011).  Tamayo then sought a COA from this court, which we denied in December of 2011.  *Tamayo v. Thaler*, No. 11-70005 (5th Cir. Dec. 21, 2011). The Supreme Court denied Tamayo's petition for certiorari in November of 2012.  *Tamayo v. Thaler*, 133 S. Ct. 608 (2012).  On September 17, 2013, in response to the state's motion, the 209th Harris County District Court scheduled Tamayo to be executed on January 22, 2014.

On January 16, 2014, Tamayo filed a successive habeas petition in Texas state court, arguing that his sentence of death is "illegal and unconstitutional" based on his alleged mental retardation.  In support of this claim, he relied on the newly-released decision of the Inter-American Commission on Human

3

No. 14-20051

Rights ("IACHR").  The IACHR concluded, *inter alia*, that Tamayo presented evidence of mental disability that should have been reviewed on the merits by the state courts[1] and that the state's violation of the Vienna Convention through its denial of his consular notification rights prejudiced Tamayo.[2]  In connection with this successive habeas petition, Tamayo filed a request for a stay of execution in light of what he believes are novel issues of law—including the amount of deference, if any, that should be given the IACHR's decision by Texas state courts.  The CCA denied relief on January 21, 2014.  *Ex parte Tamayo*, WR-55,690-05 & WR-55,690-06, at *3 (Tex. Crim. App. Jan. 21, 2013) (not designated for publication).

## Discussion

Examining Tamayo's application for habeas relief with respect to the newly released IACHR decision, we conclude that his petition is not successive on this point.  As we have previously held:

> A prisoner's application is not second or successive simply because it follows an earlier federal petition.  Instead, section 2244—one of the gatekeeping provisions of the [Anti-Terrorism and Effective Death Penalty Act]—was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences.  Thus, a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.

---

[1]  Specifically, the IACHR decision stated:  "[T]he [IAC] concludes that the United States violated Articles I and XXVI of the American Declaration to the detriment of Mr. Tamayo by refusing to provide funds for an independent expert evaluation and by denying any opportunity to present evidence regarding this mental and intellectual disability and be heard on the merits of that evidence."  IACHR Decision at p. 37.

[2] Specifically, the IACHR decision stated:  "Given the comprehensive assistance provided by the Mexican Government to its citizens in death penalty cases in the United States, the IACHR believes that there is a reasonable probability that, had Mr. Tamayo received consular assistance at the time of his arrest, this would have had a positive impact in the development of his criminal case."  IACHR Decision at p. 31.

*In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (citations omitted); *see also In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (explaining that a petition is successive when the claims raised "were or *could have been raised* in [the] first [28 U.S.C.] § 2254 application" (emphasis added)).

Here, Tamayo could not have raised his claim based on the January 2014 IACHR decision in his first federal habeas petition in September 2003. Therefore, it is unnecessary for Tamayo to seek authorization to file a successive habeas petition concerning the IACHR decision and instead he properly filed his habeas petition in the district court under § 2254.[3]

## Conclusion

The application transferred to this court predicated on the IACHR decision is REMANDED to the district court for consideration.

---

[3] Our consideration of Tamayo's claim based on the IACHR decision is limited in this context. Specifically, we cannot consider the merits of his argument because our role in deciding an application for a subsequent habeas petition is limited to determining merely whether the applicant has presented a prima facie case entitling him to file a successive petition. *See In re Henderson*, 462 F.3d 413, 415 (5th Cir. 2006) (explaining the court's role in deciding a petitioner's request for authorization to file a successive application for a writ of habeas is to evaluate the "prima facie showing of entitlement to proceed with his federal habeas application," which is distinct from a consideration of the merits of the petitioner's claim); *see also In re Swearingen*, 556 F.3d 344, 347 (5th Cir. 2009) (same).