This document contains some
pages that are of poor quality
at the time of imaging.

Samuel Medrano Diaz 763621

899 FM 632 Connally Unit

Kenedy Texas 78119

51,622-02

Supreme Court of The

United state office of Clerk

Washington , DC 2054302001

June 1, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 08 2015

Abel Acosta, Clerk

Re; Diaz V. Stephens, Dir., TX DCJ

(USCA5 Case No. 14-20384

Dear Clerk

Enclosed you will find the stamped original Petition for
Writ of Certiorari original recieved by this court On February
27, 2015. the Petitioner has corrected the Affidavit or Declaration
sent to him by this court. He has corrected it to the best of his
knowlege. And is returning the Petition to this court for fililing
witin the 60 day permitted from the date of this courts letter dated
May 11, 2015 for the above case. the Petitioner has provided the
**Attorney General for the state of Texas with a copy as request he**
**do by this courts letter.** Petitioner would further submitt that
he beliese this court returned his Writ of Certiorari with the
application affidavit provide by this court, for nothing more then
to aviod the filing, of the original deadling for which Petioner
had sent timely. and for nothing more then to have petitioner sign
affidavit this court sent him, and for the filing of somthing other
by attorney general and this court, whom continue to mislead Petitioner
with the cause of action he has been in prison for amost 20 years
now.

Please file My Petition along with this letter and bring to
the attension of this court. the Attorney General has been
provide a copy of the original Writ of certiorari.

S.M. Diaz

NO. _____

IN THE

SUPREME COURT OF THE UNITED STATES

_____ TERM 2015

---

SAMUEL MEDRANO DIAZ, Petitioner

vs.

WILLIAM STEPHENS, DIRECTOR OF THE

TEXAS DEPARTMENT OF CRIINAL JUSTICE

CORRECTIONAL INSTITUTIONS DIVISION,

Respondant

---

ON PETITION FOR WRIT OF CERTIORARI TO

THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

PETITION FOR WRIT OF CERTIORARI

---

RESPECTFULLY SUBMITTED

_____

SAMUEL MEDRANO DIAZ # 763621

899 F.M. 632 connally unit

KENEDY, TEXAS 78119

**Question One.** Petitioner's Defense Counsel was ineffective and aided the Prosectuion, Defense Counsel coerced Peritioner to plead guilty by misleading information, that if he did the Judge would give him a small sentence for a guilty plead and waiver of Trial by jury.

**Question Two.** Petitioner recieved ineffective assistance of Appellate Counsel. Counsel was assisting the Government filing appeal in alias named caused number for assisting the Government in affirming an illegal Life Sentence of the Judge in cause #714137. Appeal Counsel further failed to provide Petitioner with notice or opinions of the Courts affirming his alleged conviction.

**Question Three.** Outrageous Government Misconduct. The Government got Petitioner to plead guilty to wildly charged indictment of a Prosecutor in #714137, sentencing him to LIFE, allegedly granting appeal in #714137, and carrying the appeal through the court system in alias State cause number 806078 with appeal counsel misleading Petitioner with cause of action to deprive him to challenge the Judges Life sentence affirmed in #714137.

**Question Four.** Prosecutor Misconduct and Abuse of Authority. Prosecutor failed to protect Petitioner from a wrongful conviction and illegal life sentence of the Judge.

**Question Five.** Abuse of Discretion by the Trial Judge. Trial Judge abused his discretion excepting Applicant's guilty plead in violation of Rule 11. Not properly admonishing Petitioner. And when he read an illegal life sentence in #714137 by Judge for affirming an illegal conviction adopted and carried into State alias #806078 it would be affirmed in through the Courts, to mislead Petitioner with the cause of action. The lower Courts erred in granting Respondents Motion for Summary Judgment where Petitioner clearly presented a genuine issue of material facts as to the Inefectiveness of the Trial Counsel and erred by failing to grant issue Petitioners request for C.O.A. when Petitioner clearly met the requirement for appellate review pursuant to 28 U.S.C. 2254(c)(2).

**STATUTES:**

**FEDERAL**

| | |
|---|---|
| 28 U.S.C. 1254 (1) | Pg. 8 |
| 28 U.S.C. 1746 | Pg. 19 |
| 28 U.S.C. 2253 (c) (2) | Pg. 15 |
| 28 U.S.C. 2254 (d) (1) (2) | Pg. 7-8 |
| 28 U.S.C. 2254 (c) (1) | Pg. 7 |
| F.R.C.P. RULE 56 | Pg. 14 |
| F.R.C.P. RULE 11 | Pg. |

**STATE STATUTES**

| | |
|---|---|
| V.A.C.C.P. ART. 11.07 (3) (d) | Pg. 12 |
| V.A.C.C.P. ART. 11.16 | Pg. 1-19 |
| V.T.C.A. 12.33 | Pg. 19 |
| V.T.C.A. 12.42 | Pg. 1-19 |
| V.T.C.A. 21.11 | Pg. 1-19 |

| | |
|---|---|
| 5th. Amendment to the U.S. Constitution | Pg. 3 |
| 6th. Amendment to the U.S. Constitution | Pg. 3 |
| 14th. Amendment to the U.S. Constitution | Pg. 3 |

# TABLE OF CONTENTS

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES
COURT OF APPEALS FOR THE FIFTH CIRCUIT.                    Pg. 1

I. OPINION BELOW                                          Pg. 2

II. JURISDICTION                                          Pg. 2

III. CONSTITUTIONAL AND STATUTORY
     PRIVIONS INVOLVED                                    Pg. ii

IV. STATEMENT OF CASE                                     Pg. 3

V. REASONS FOR GRANTING THE WRIT                         Pg. i

VI. CONCLUSION                                           Pg. 18

VII. OATH                                                Pg. 19

VIII. PROOF OF SERVICE                                   Pg. 19

IX. APPENDIX A THUR E                                     END

III.

# INDEX TO APPENDICES

1. Appendix A. U.S. Court of Appeals 5th Circuit Deniel of CO.O.A. Issued on December 10, 2014.

2. Appendix B. U.S. Courts Notice Complaint Filed And Order Granting Forma Pauperis to Proceed.

3. Appendix C. U.S. District Courts Deniel of C.O.A.

4. Appendix D. U.S. District Court Memorandum and Opinion Granting Respondant Motion for Summary Judgment on First filing Civil Action H-02-2162 of Oct. 22, 2002.

# TABLE OF AUTHORITIES CITED

**FEDERAL CASES:**

CATALAN V. COCKRELL 315 F. 3d. 491, 493 (8th. Cir. 2002)          Pg. 12

CLARK V. JOHNSON 202 F. 3d. 760, 764 (5th. Cir 2000)          Pg. 8

DRINKARD 97 F. 3d. at. 767-68          Pg. 7

HILL 210 F. 3d. at 485 Quoting 28 U.S.C. 2254 (d) (2)          Pg. 8

HILL V. JOHNSON 210 F. 3d. 481, 485 (5th. Cir. 2000)          Pg. 8

MILLER EL V. JOHNSON 261 F. 3d. 445, 449 (5th. Cir 2001)          Pg. 9

NEAL V. PUCKETT 286 F. 3d. 230, 246 (5th. Cir. 2002)          Pg. 12

OGAN V. COCKRELL 297 F. 3d. 249, 355 (5th. Cir. 2002)          Pg. 9

PENRY V. JOHNSON 215 F. 3d. 504, 508 (5th. Cir. 2000)          Pg. 8

SMITH V. COCKRELL 311 F. 3d. 661, 668 (5th. Cir. 2002)          Pg. 9


**U.S. DISTRICT COURT CASES:**

ANDERSON V. LIBERTY LOBBY, INC. 477 U.S. 242, 245 (1986)          Pg. 7

COLEMAN V. THOMPSON 501 U.S. 722, 750-51 (1991)          Pg. 15

MONGE V. CALLIFORNIA          U.S. 721 (1998)          Pg.

MURRAY V. CARRIER 477 U.S. 478 (1986)          Pg. 15

SLACK V. MCDANIEL 120 S. Ct. 1595 (2000)          Pg. 9

STRICKLAND V. WASHINGTON 466 U.S. 668, 686-692 (1984)          Pg. 9-13

WILLIAMS V. TAYLOR 120 S. Ct. 1495 (2000)          Pg. 8

NO. _____

IN THE

SUPREME COURT OF THE UNITED STATES

_____ TERM, 2015

---

SAMUEL MEDRANO DIAZ, PETITIONER

VS.

WILLIAM STEPHENS, DIRECTOR OF THE

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

CORR CORRECTIONAL INSTITUTIONAL DIVISION,

RESPONDENT

---

ON PETITION FOR WRIT OF CERTIORARI TO

THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, Samuel Medrano Diaz, Petitioner in the above styled cause presenting this his Petition For Writ of Certiorari seeking a Review of the lower Court's Denial to issue a Writ of Habeas Corpus to his Unconstitutional confinement and restraint from the 262nd Judicial District Court of Harris County, Texas, in the State of Texas V. Sameul Medrano Diaz Cause Number 714137 for the Offense of Murder. And where the lower Courets hold that the Petitioner failed to make a substantial showing of the denial of a Constitutional Right. In support thereof Petitioner would respectfully show this Court the following;

1.

## OPINION BELOW

The unpublished written opinion denying Petitioner's Motion for rehearing For C.O.A. in the Court of Appeals for the 5th Circuit, appears in **Appendix A**.

The unpublished written opinion denying to issue a C.O.A. by the U.S. Court of Appeals For the 5th Circuit Appears in **Appendix B**.

The unpublished written opinion denying to issue a C.O.A. in the U.S. District Court appeas in **Appendix C**.

The U.S. District Court's Final Judgment Denying Petitioner's Writ of Habeas Corpus appeas in **Appendix D**. and

The unpublished written Memorandum and Opinion of the U.S. District Court granting Respondants Motion For Summary Judgment appeas in **Appendix E**.

## JURISDICTION

The U.S. Court of Appeals for the 5th Circuit's opinion in this matter was filed on December 10, 2014. A timely Petition for Rehearing was filed. The U.S. Court of Appeals Denial of Motion for Rehearing was issued on *Never Responded to* 2015, Set forth in appendix A. Thus this U.S. Supreme Court's Jurisdiction is Invoked under Title 28 U.S.C. 1254 (1).

2.

## CONSTITUTIONAL AND STATUTORY
## PROVISIONS INVOLVED

1. 5th AMENDMENT TO THE U.S. CONSTITUTION,

2. 6th AMENDMENT TO THE U.S. CONSTITUTION,

3. 14th AMENDMENT TO THE U.S. CONSTITUTION,

4. 28 U.S.C.A. 2253 (c)(1) thru (3),

5. 28 U.S.C.A. 2254 (d)(1) and (2).

## STATEMENT OF CASE

Petitioner was alleged to have been Indicted for the offense of Murder of his Common Law wife in cause number 714137 in the 262nd Judicial District Court of Harris County, Texas. The Petitioner pleaded guilty on September 12, 1996 to the felony offense as charged in the Prosecutors Indictment. The Trial Court Judge assessed punishment at Life confinement in the Texas Department of Criminal Justice Division TDCJ. And the Petitioner was alleged to have been given a Direct Appeal, and Appeal Counsel Blanca Lopez to file a Direct Appeal in 714137.

On June 25, 1998 the Judgment was affirmed on Appeal by the Fourteenth Court of Appeals, Diaz V. State, 14-96-01167-CR, 2011 WL 350594 Tex. App. Houston 14th Dist. 1998.

The Mandate was issed on October 23, 1998.

The Petitioner's Direct Appeal Counsel filed a PDR in the Texas Court of Criminal Appeals, and Petitioner never heard anything from the Court of Appeals Counsel regarding his PDR. No. 98-1244 Refused Sept. 23, 1998.

3.

On November 18, 2001. Petitioner then now pro se filed his first Writ of Habeas Corpus State Application and it was denied on MM 15, 2002 No. 51,622;01.

Petitioner then filed his first Application for Federal Writ of Habeas Corpus 2254 . Civil Action Number H-02-2162 It was signed on June 1. And docketed on June 6, 2002.

On October 22, 2002 the United States District Court issued Memorandum and Order Granting Respondants Motion for Summary Judgment dismissing Petitioner's Writ of Habeas Corpus stating a Certificate of Appealability will not be issued.

The Petitioner did not pursue his case to the fifth circuit due to his lack of legal knowledge, lack of the English writing and reading. Petitioner is a Mexican Nationality and don't read or speak the english language.

However, with the assistance of another fellow inmate Petitioner filed a second State Writ of Habeas Corpus on January of 2014 presenting new claims he could have had no knowledge of when he filed his first Application. Because he didn't learn of the claims or other related cause nubers that were used and enter-twined with his murder conviction such as case number 806078 a States alias related to 714137 his life sentence conviction, or how his prior DWI's of 1998 in case 476082 and 511430 were further entertwined with his illegal life sentence.

The respondent filed a second response to Application 714137-B on February 11, 2014. Argueing a Subsequent Writ and that the Application should be denied.

4.

On February 27, 2014. The Texas Court of Criminal Appeals receieved and presented the Application to the Court. Writ Number WR-51,622-2 Trial Court number 714137-B.

On March 12, 2014. The Texas Court of Criminal Appeals dismissed without written order this subsequent application for Writ of Habeas Corpus, Tex. Code Crim. Proc. Art. 11.07, Sec. 4(a)(c0).

The Petitioner then filed a second Applicatyion 2254 Federal Application in hope that this Court would Order Respondant to at least address his claims raised in State Court, or waive the claims so that he could get a proper review of all claims raised from federal District, not just review of time-barred issues which limitted the Federal Courts jurisdiction due to respondants failure to address all claims of Constitutional violation, thereby preserving the claims by it's failure to address, denying Petitioner review of all claims by the Federal District, on for which a COA could be Granted, not just on time-barred issued for which the Federal jurisdiction was limitted to.

The United States Court dismissed Petitioners 2254 Application with Prejudice as time barred denied to issue COA, or Order respondant to address the claims.

Petitioner then timely appealed to the United States Court of Appeals Fifth Circuit. His Motion to Proceed In Forma Pauperis was Granted. and Petitioner timely filed his Petition for Certificate of Appealability COA, in the Court of Appeals. And on December 10, 2014. No. 14-20384 the Court Denied to C.O.A. And therefore Petitioner filed for a Writ of Certiorari to the United States Supreme Court.

## REASON FOR GRANTING THE WRIT

The U.S. Court of Appeals for the Fifth Circuit has entered a decision that has so far departed from the accepted and usual course of judicial proceedings, or sanctioned such a departure by a lower court as to call for an exercise of this court's supervisory power, when the Court of Appeals for the 5th Circuit granted Respondent's Motion for Summary Judgment and/or denied to issue Petitioner's request for Certificate of Appealibility after Petitioner presented the Court(s) with the following issues for relief.

## QUESTIONS ONE AND TWO

— PETITIONER WILL INCORPORATE HIS ARGUMENT AND AUTHORITIES FOR QUESTIONS ONE AND TWO into one factual and legal argument for this Court's convience. Petitioner asserts that his State Trial Counsel's actions fell below an objective standard of reasonableness and petitioner suffered prejudice as a result thereof, where:

(A) Petitioner's defense was ineffictive and aid the prosection, Defense Counsel corce petitioner to plead guilty by misleading information, that if he did the judge would give him a small sentence for a guilty plead and waiver of Trial by jury.

(B) Petitioner received ineffective assistance of Appellate Counsel. Counsel was assisting the government filing appeal in alias named caused number for assisting the government in affirming an illegal Life Sentence of the Judge in cause #714137. Appeal Counsel further failed to provide petitioner with notice or opinions of the court's affirming his alleged conviction.

6.

(C) Outrageous Government Misconduct. The government get petitioner to plead guilty to wild charged indictment of a prosecutor in #714137, sentencing him to Life, allegely granting appeal in #714137, and carrying the appeal through the court system in alias state cause number 806078 with appeal counsel misleading petitioner with cause of action to deprive him to challenge the judges life sentence affirmed in #714137.

(D) Prosecutor Misconduct and Abuse of Authority. Prosecutor failed to protect petitioner from a wrongfull conviction and illegal life sentence of the judge.

(E) Abuse of Discretion by the Trial Judge. The trial judge abuse his discretion excepting applicant's guilty plead in violation of Rule 11. not properly admonishing petitioner. And when he read an illegal life sentence in #714137 by judge for affirming an illegal conviction adopted and carried into state alias #806078 it would be affirmed in throuth the courts, to mislead petitioner with the cause of action.

Petitioner further asserts that the lower Courts erred in granting respondent's Motion for Summary Judgment where petitioner clearly presented a genuine issue of material facts as to the ineffectiveness of the trial counsel and erred by failing to grant issue petitioner's request for C.O.A. when petitioner clearly met the requirement for appellate review pursuant to 28 U.S.C. 2254 (c) (2). *in his second application.*

In ruling on a Motion for Summary Judgment, the lower Courts view the evidence through "the prism of the substantive evidentiary burden." ANDERSON V. LIBERTY LOBBY, INC., 477 U.S. 242, 254 (1986). Under the AEDPA, the prism of the substantive evidentiary burden differs depending upon whether the issue is one of law, fact of both. See, DRINKARD 97 F. 3d. at 767-68.

7.

A state court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. 2254 (d) (1) and receives deference unless it "was contray to, or involved an unreasonable application of clearly established Federal law as determined by the U.S. Suprememe Court. HILL V. JOHNSON, 210 F. 3d. 481, 485 (5th. Cir, 2000). A State Court decision is "contrary to" Supreme Court precedent if (1) the state court's conclusion is "opposite to that reached by the Supreme Court on a question of law" or (2) the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at opposite result. WILLIAMS V. TAYLOR, 120 S. Ct. 1495 (2000). A state court unreasonable applies Supreme Court precedent if: (1) it unreasonable applies the correct legal rule to the facts of a particular case of (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Id. at 1495.

In deciding the lower court consider whether the application was "objectively unreasonable." Id at 1495, PENRY V. JOHNSON 215 F. 3d. 504, 508 (5th. Cir. 2000). Questions of facts found by the state court are "presumed to be correct and recives deference unless it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." HILL 210 F. 3d. at 485, quoting 28 U.S.C. 2254 (d) (2).

While as a general principle, Rule 56 of the Federal Rules of Civil Procedurs, relating to summary judgment, applies with equial force in the context of habeas corpus cases. CLARK V. JOHNSON, 202 F. 3d. 760, 764 (5th. Cir. 2000). The rule applies only to the extent that it does not conflict with the habeas rules. Section 2254 (e) (1) which mandates that findings of facts made

8.

by a state court are presumed to be correct, overrides the ordinary rule that, in a summary judgment proceeding all disputed facts must be construed in the light most favorable to the nonmoving party; unless the petitioner can rebut the presumption of correctness by clear and convicing evidence as to the state court's findings of fact, those findings must be accepted as correct. SMITH V. COCKRELL 311 F. 3d. 661, 668 (5th. Cir. 2002).

In regards to obtaining a Certificate of Appealibility, such qeruires a substantial showing of a constitutional error. 28 U.S.C. 2253 (c) (2); SLACK V. MCDANIEL, 120 S. Ct. 1595 (2000). This entails that the question(s) at issue be (a) debatable amoung reasonable jurists; (b) of a type which could be resolved in the petitioner's favor; or (c) adequate to deserve encouragment of further proceedings. MILLER EL V. JOHNSON 261 F. 3d. 445, 449 (5th. Cir. 2001).

Additionally doubts regarding the propriety of issueing a C.O.A should be resolved in favor of the petitioner. OGAN V. COCKRELL, 297 F. 3d. 249, 355 (5th. Cir. 2002).

Petitioner asserts that the state habeas court's application of STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984) is an unreasonable application of clearly established Supreme Court precedent where the state court correctly identified the governing legal rule but applied it unreasonable to the facts of petitioner's case, therefore summary judgment should had been granted and/or a C.O.A. should had been issued for the following reason(s):

9.

Petitioner's Trial counsel was deficient when he failed to file a motion to dismiss a Prosecutor's wildly charged Indictment. And told Applicant that if he just plead guilty before the judge to the Indictment of the Prosecutor the judge would give him a small sentence for a guilty plead. The Trial Judge sentenced Petitioner to a Life sentence, of the Prosecutors charged Indictment. Petitioner's Trial counsels actions was a strategy to aid the Prosecution with a Illegal Murder conviction, of a Prosecutor's wildly charged Indictment. The fact was that after defense counsel got Petitioner to plead guilty to the wildly charged indictment of the Prosecutor the Trial judge was able to read a Null and Void Life sentence against Petitioner in 714137, and alleged to have given Petitioner a Appeal in 714137 of the Prosecutors wildly charged Indictment. The fact was that after the Trial judge reads the Null and Void Life sentence in 714137, based on Petitioner guilty plead he entered by misleading information, and sets Petitioner to waive Appeals when pleading guilty. Petitioners counsel was aiding the Prosecution the Prosection was then able to get an actual Indictment in an State alias numbered cause such as 806078, as if a actual trial by jury was had in the case. And the case number that would be carried through the court system to affirm an illegal conviction of Murder and Life sentence of a Trial Judge. Trial counsel action aided the State, the Prosecution, and deprived Petitioner of a fair Trial and Sentencing Trial of the True-bill Indictment, after Petitioner plead guilty excepting responsibility. However, he is sentenced on the Prosecutors wildly charged indictment by the trial judge to a life sentence in 714137, and held in a Texas Prison for any period of time the State wishes. Counsels action further aided the State in

10

ingetting a life sentence affirmed on Petitioner, counsel was aware that Petitioner had prior DWI convictions of 1988 in cause number 476082 and 511430 that Petitioner had plead guilty in, and that these two cause numbers would be carried and adopted into his alleged murder indictment of the prosecutor in 714137, for purposes of allowing the Judge to impose a sentence of life in 714137. And then on record showing the State dropped the two DWI cause numbers instead of showing that Null and Void life sentence of the judge in 714137 of a prosecutor indictment was the case dropped after Petitioner plead guilty. Trial counsels action in this case clearly aided the prosecution. And alleged the State to affirm a illegal conviction in 714137 life sentrence, and mislead Petitioner with the actual cause of action a appeal was being taken in. Counsel action clearly have caused harm to Petitioner. And such claims raised in his State and Federal Applicant, the lower courts have failed to even address the claims. Depriving Petitioner to fairly challenge his illegal conviction in violation of his rights through Ineffective assistance of counsel, Ineffective assistance of appeal counsel, Abuse of Discretion of the Trial, Judge Prosecutor Misconduct. And the Outrageous Misconduct of the State and Federal Government, to deprive one of his rights, Petitioner would have to assume that because he is a Mexican Nationality, the laws of the State don't apply to him because he is not a U.S. Citizen of the United States. And for this reason Petitioner Petitions this Court for a review of the lower courts opinion denying relief Petitioner has demonstrated an entitlement to, of his illegal life sentence in 714137.

11.

No Trial strategy can exist whren a defense counsel aids the State in it's prosecution. See **Doherty V. State** 7781 S.W.2d. 439 Tex. App. Houston [1st. Dist.] 1989.

The Petitioner had further demostrated how his appointed appeal counsel further aided the State, where appeal counsel was filing a Appeal in the State Alias number cause, and failed to inform Petitioner when the Courts had affrimed the case and made its rulibngs failing to provided Petitioner with courts opinions, of the cause number she was filing appeal in. Appeal counsel further provided affidavit, stating she had infact failed to inform Petitioner his case was affrimed, and his PDR Refused.

In Conclusion the lower court can only review the States Conclusion that Petitioners counsel provided effective assistance, not its reasoning in determioning whether it is contrary to or involved in a Misapplication of clearly established Federal Law. **Neal V. Puckett**, 286 F.3d. 230 246, (5th Cir. 2002). In the context of claims for ineffective assistance of counsel, that means a Federal court must presume, even if the State court renders its decision without opinion, The court applied the weel known STRICKLAND analysis. **Catalan V. Cockrell**, 315 F.2d. 491, 493 (5th Cir. 2002).

In this case, the State Habeas Court did not hold an evidentary hearing pursuant to V.A.C.C.P. Art. 11.07 (3)(d), However, they applied STRICKLAND to its factual findings and have concluded Petitioners counsel was not Constitutionally ineffective, never ordering counsel to address the claims raised. Thus, the question is whether the State court's application of STRICKLAND is contrary

to, or involved a misapplication of clearly established Federal Law. Under STRICKLAND, to prove an attorney's assistance ineffective, Petitioner must show (1) that counsel's performance was deficient; and (2) The deficient performance prejudiced the defense STRICKLAND, 466 U.S. 668, 686-692 (1984).

Due to reasons, facts that Petitioner has shown that his counsels actions and/or inactions were unreasonably deficient, and that his counsel's action in coercing Petitioner to plead guilty by misleading information, that for his guilty plead the Judge would give him a small sentence, were action for aiding the Prosecution with it's conviction, whereas afterr Petitioner plead guilty the Trial judge could read a Null and Void Life sentence, actually disposing of the prosecutors wildly charged indictment. And for these facts the Trial judge was influenced in rendering a guilty verdict excepting Petitioners guilty plead to a Wildly charged indictment of the Prosecutors by this deficient conduct he would be perticipating in rendering a guilty verdict for obtaining a conviction for the State by all counsels deficient conduct, the States Habeas Court's application of STRICKLAND is an unreasonable application of clearly established Supreme Court precedent, where the State Court correctly identified the governing legal rule but applied it unreasonable to the facts of Petitioners case. The lowerr courts have granted respondant summary Judgment pursuant to the AEDPA one year time-limitation, never ordering respondant to even address the claims raised.

Therefore, the lower court's erred by granting Respondant's motion for summary judgment in his first application stamped filed date October 22, 2002. "Civil Action H-02-2162." And has now erred in failing to issue Petitioner's request for C.AO.A. where he clearly demonstrated an entitlement to relief of his illegal Life sentence in his second state and federalapplication. And therefore, Petitioners prays that this Honorable Court grant his Writ of Certiorari to review the Judgments and opinions of the U.S. Court of Appeals for the Fifth Circuit in this case.

## QUESTIONS THREE, FOUR AND FIVE

Petitioner will incorporate his arguement and authorities for questions three, four and five into one factual and legal arguement for this Court's convenience.

The Petitioner asserts that in this case the Trial Court abused it's discretion when excepting Petitioners guilty plead for a wildly charged indictment of the prosecutor, for which was obtained by misleading information of defense counsel, and in violation of Federal Rule 11. And Misconduct of the prosecutor, where Petitioner has clearly demonstrated an entitlement to relief, in his previous filed application. And that the lower courts have erred in granting respondants Motion of October 22, 2002 in it's Memorandum and Order in civil action H-02-2162. The Petitioner has clearly presented genuine issues of material facts in his second Habeas Corpus State and Federal as to the Trial Court's abuse of discretion and has erred by failing to

14.

now issue Petitioners request for C.O.A. when he clearly met the requirements for Appellant Review pursuant to 28 U.S.C. 2253(c)(2).

Within Petitioner's State and Federal Writ of Habeas Corpus, Petitioner presented the above stated points of errors, However, the U.S. District Court concluded that issues were procedurally barred due to such issues not being raised on Direct Appeal, and that the claims presented are barred by the AEDPA one year time limitation.

When a State Court denies a Petitioner's Claim based on an independant and adequate State Procedural Rule, Federal Habeas Review of the claim is barred unless the Petitioner can demonstrate (1) cause for default and prejudice as a result of the alleged violation of Federal Law or (2) a resulting fundamental miscarriage of Justice. **Coleman V. Thompson,** 501 U.S. 722, 750-51 (1991).

In order to establish cause, a Petitioner must show some objective factor EXTERNAL TO THE DEFENSE which impeded Petitioner's ability to comply with a State procedural Rule. Interference by officials or the unavailability of a factual or legal basis for a claim may constitute cause. Additionally, Ineffective Assistance of Counsel may also constitute cause. **Murray V. Carrier** 477 U.S. 478 (1986).

15.

The Petitioner had clearly demonstrated in his application that he was being mislead with the cause of action, intentionally through the misconduct of his own defense counsel, by the prosecutors wildly charged indictment. And the Judge abuse of discretion in excepting Petitioners guilty plead in violation of Rule 11 for the Murder Indictment when the fact was the pending indictments were Petitioners prior DWI's of 1988. Two DWI's that were alleged to have been abdanded by the State after getting Petitioner to plead guilty to prosecutors wildly charged indictment, in 714137, actually abandoning 714137 after getting Petitioner to plead guilty, reading a Null and Void Life sentence in 714137. And then the Trial Judge grants an alleged appeal in 714137, life sentence which was automatic, and for purposes of affirming a Murder conviction in "806078", the Government would mislead Petitioner with the cause of action a appeal was taken in and his conviction would be affirmed in, Reversed and remanded in for a new sentencing trial Petitioner would of had a right to after direct appeal, had he not been mislead with the cause of action.

Petitioners subsequent application clearly demonstrated an entitlement to relief, and a new sentencing trial. Whereas of today Petitioner is still serving a sentence, a questionable sentence of a actual conviction under the trial judges NULL and VOID Life sentence in 714137, that his conviction was affirmed in. And Petitioner has been mislead with. And from fairly challenging.

16.

It is unquestionable that jurist would find it debatable that the Trial Court's have erred in failing to order a new sentencing trial in this case, and that based on his second application Petitioner has infact demonstrated A Constitutional Violation, And a entitlement to relief. And that the Lower Court have infact erred in failing to grant relief, or issue a COA in this case.

Due to all facts of entitlement to relief Petitioner has shown in his application the Lower State and Federal Habeas Court have all erred and have allowed the State Trial Court to abuse it's discretion, with acts of misconduct, A miscarriage of justice for obtaining an illegal Life sentence conviction, failing to to Order a New sentencing trial in this case. An entitlement Petitioner has demonstrated.

Petitioners State and Federal Application clearly demonstrated Constitutional errors, his Petition for Certificate of Appealability COA clearly demonstrated he was entitled to granting of a COA and therefore, all the lower state and federal courts have errored in this case. And Petitioner prays that this court reverse, and remand his case on this his Writ of Certiorari.

17.

For the above Stated reasons, Petitioner asserts that the State Court's Application of MONGE V. CALIFORNIA 547 U.S. 721 (1998) is an unreasonable application of clearly established Supreme Court precedent where the State Court correctly identified the governing legal Rule, but applied it unreasonable to the facts of Petitioners case. Therefore, the lower courts erred by granting summary judgment in Petitioners first application filed in 2002, and then erred in dismissing his application in 2014 which clearly demonstrated an entitlement to relief, and or failing to issue Petitioners request for C.O.A. thus, Petitioner prays that this Honorable Court Grant his Writ of Certiorari to review the Judgemnts and Opinions of the U.S. Court of Appeals for the Fifth Circuit in this case.

## CONCLUSION

For the reasons set forth above a Writ of Certiorari should issue to review the Judgment and Opinions of the U.S. Court of Appeals for the Fifth Circuit in this matter.

Executed on this 20th day of Feb. 2015.

S.M. Diaz

Samual Medrano Diaz #763621
Connally Unit
899 F.M. 632
Kenedy, Texas 78119

18.

## OATH

I Samuel Medrano Diaz, do declare under the penalty of Perjury pursuant to 28 U.S.C. 1746, that the contents stated within this Writ of Certiorari is True and Correct to the best of my knowledge.

Executed on this _20_ day of _Feb,_ 2015.

_S. M. Diaz_
Samuel Medrano Diaz 763621

## CERTIFICATE OF SERVICE

I Samuel Medrano Diaz, Do certify that a True and Correct copy of this Writ of Certiorari and Motion to Proceed in Forma Pauperis was served by U.S. Mail, Postage Prepaid to Respondant address to the Attorney General for the State of Teaxs P.O. Box 12548, Austin, Texas 78711-2548 on this _20th_ day of _Feb_ 2015.

_S. M. Diaz_
Samuel Medrano Diaz 763621
Connally Unit
099 F.M. 632
Kenedy, Texas 78119

APPENDIX   A.


U.S. COURT OF APPEALS DENIEL TO ISSUE C.O.A.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20384
USDC No. 4:14-CV-1388

SAMUEL MEDRANO DIAZ,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court for the
Southern District of Texas, Houston

O R D E R:

Samuel Medrano Diaz, Texas prisoner # 763621, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application challenging his murder conviction, which resulted in a life sentence. To obtain a COA, Medrano Diaz must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court determined that Medrano Diaz's § 2254 application was untimely. However, Medrano Diaz has filed a prior § 2254 application, and his instant application raises claims that were or could have been raised in his first § 2254 application. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); 28 U.S.C. § 2244(b). He has failed to show that the issues presented deserve

No. 14-20384

encouragement to proceed further, and he does not meet the requirements for a COA. *See Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Consequently, his motion for a COA is DENIED.

/s/Edith H. Jones
EDITH H. JONES
UNITED STATES CIRCUIT JUDGE



A True Copy
Certified order issued Dec 10, 2014

*Jyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

APPENDIX   B


US COURT NOTICE COMPLAINT FILED AND ORDER GRANTING


FORMA PAUPERIS TO PROCEED

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

SAMUEL MEDRANO DIAZ ,          §
TDCJ No. 763621,               §
      Petitioner,         §
v.                             §          CIVIL ACTION NO. H-14-1388
                          §
WILLIAM STEPHENS,              §
                          §
      Respondent..        §

## ORDER

The Application to Proceed *In Forma Pauperis* on Appeal [Docket Entry No. 8] is **GRANTED**.

SIGNED at Houston, Texas, on August ___ 1 9, 2014.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

$B$

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

## NOTICE THAT YOUR COMPLAINT HAS BEEN FILED

It was filed on **May 16, 2014**

The style of the case is

**Samuel Medrano Diaz v. William Stephens**

The case number is **4:14-cv-01388**

The District Judge assigned to your case is **Judge David Hittner**

The nature of the claim is **Habeas Corpus NOS: 530**

Please write or type the civil action number on the front of all letters and documents. Please address all mail to:

**United States District Clerk's Office**
**P. O. Box 61010**
**Houston, Texas 77208-1010**


Date:   May 19, 2014

David J. Bradley, Clerk

ß

APPENDIX C.

U.S. DISTRICT COURTS DENIAL

OF C.O.A. FINAL JUDGMENT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

SAMUEL MEDRANO DIAZ,      §
TDCJ No. 763621,      §
    Petitioner,      §
     §
v.      §    CIVIL ACTION 14-CV-1388
     §
WILLIAM STEPHENS,      §
    Respondent.      §

## <u>MEMORANDUM ON DISMISSAL</u>

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254. He is incarcerated in the Texas Department of Criminal Justice. For the reasons below, this Court **DISMISSES** the application as time barred under 28 U.S.C. § 2244(d).

## I. THE STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to a ...writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> .........
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 1996).

## II. PETITIONER'S PLEADINGS

Petitioner submits the following information in his Original Petition. The state court convicted him on September 12, 1996. He appealed his conviction. The Texas Fourteenth Court of Appeals issued an opinion deciding Petitioner's appeal on June 25, 1998. Petitioner states he filed a petition for discretionary review (PDR). The Texas Court of Criminal Appeals refused the PDR on September 23, 1998.

Petitioner states he filed two petitions under article 11.07 of the Texas Code of Criminal Procedure. He filed his first state petition on February 4, 2002. He states he does not know the date on which the Texas Court of Criminal Appeals issued its final decision in his first state writ. He also says he filed a second writ application which the Court of Criminal Appeals received on February 27, 2014. *See* Original Petition, p. 4, ¶ 11. He states that the Texas Court of Criminal Appeals issued its final decision in his second state application on March 12, 2014.

The Supreme Court has instructed that before *sua sponte* dismissing a habeas corpus under the statute of limitations, the district court should provide notice and an opportunity to allow a party to present its position on the limitations issue. *Day v. McDonough*, 547 U.S. 198 (2006). In the form petition submitted by Petitioner, he was provided the opportunity to address the statute of limitations by responding to paragraph number twenty-six on the timeliness of his petition. *See* Original Petition,

2

p. 9. [Docket Entry No. 1, ¶ 26]. The text of the statute of limitations under section 2244(d) is set forth in a footnote in the form petition. *Id.*, p. 9, ¶ 26, fn. 1. In paragraph twenty-six of the petition used by Petitioner, he was instructed as follows:

> If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.

*Id.*, p. 9, ¶ 26. Petitioner submitted an explanation in response to the paragraph twenty-six, as follows.

> The [statute of] limitations should not apply. [Petitioner] has ... demonstrated his conviction ... is not final. [H]e has been mislead ... by the state, ... preventing him from ... challenging ... [his] sentence. He ... demonstrated his ... sentence is null and void. [He] was entitled to further proceedings, [including] a new sentencing trial. "Thereby making" his life sentence a [non-final] sentence and conviction. ... Respondent's failure to address all of his claims ... preserves his claims for review by the state court. Petitioner's first application was dismissed under an AEDPA limitation. This dismissal is "an affirmative defense, of conviction." Petitioner needs a response to all claims for a proper review of all claims. ....

*Id.* Petitioner incorrectly maintains the statute of limitations does not apply here. In any event, Petitioner's garbled response on limitations does not show that this habeas petition is timely under the statute of limitations, as discussed below.

### III. ANALYSIS

Petitioner's conviction became final on December 22, 1998, when the time to

3

petition for *certiorari* in the Supreme Court expired, ninety days after the Court of Criminal Appeals denied Petitioner's PDR. SUP.CT.R. 13.1 (West 1995). There is no showing that subsections (B), (C), and (D) of § 2244(d)(1) apply to his claims. The limitation period expired a year later, on December 22, 1999, absent tolling.

Petitioner filed his first state writ application on February 4, 2002, which is more than two years after the limitation period ended on December 22, 1999. Therefore, the pendency of his "state habeas application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because he did not file it until *after* the period of limitation had expired." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original). Petitioner's second state writ application also did not toll the limitation period because he filed it more than a decade after the running of the limitation period. Petitioner is not entitled to statutory tolling under section 2244(d)(2). The statute of limitations expired on December 22, 1999, absent equitable tolling.

Petitioner has not shown that he is entitled to equitable tolling. "The petitioner bears the burden of proof concerning equitable tolling, and must show rare and exceptional circumstances warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Furthermore, the Court should only apply equitable tolling if the applicant diligently pursues section 2254 relief. *Scott*

4

*v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

Petitioner constructively filed this federal writ application on May 14, 2014. He filed this application more than fourteen years after the statute of limitations expired in 1999. Petitioner's federal habeas corpus application is time barred.

## IV. CONCLUSION

28 U.S.C. § 2243 authorizes the federal courts to *sua sponte* dismiss habeas petitions where it plainly appears that the petitioner is not entitled to relief. Accordingly, it is **ORDERED** that this action be **DISMISSED** with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that Petitioner has not made a substantial showing that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.). This Court finds that a certificate of appealability should not issue.

SIGNED at Houston, Texas, on ___*May 29*___, 2014.


DAVID HITTNER
UNITED STATES DISTRICT JUDGE

Samuel Medrano Diaz 763621
899 FM 632 Connally Unit
Kenedy Texas 78119

Supreme Court of The                                    Feb. 19, 2015
United States
Office of The Clerk
Washington DC 20543-0001


Dear Clerk;

   Enclosed you will find my Motion For Leave To Proceed Informa Pauperis
in this Court. And my Petition for A Writ of Certiorari, along with the
Lower Courts order and  and judgments Appendix A thru D. Please file all
these dockuments and bring to the attension of the Court.  Petitioner is
requesting the granting of a Writ of certiorari to review the Lower Courts
deniel to issue Petitioner A certificate of Appealability  for his illegal
conviction in violation of his U.S Constitutional rights.
You will find one original and one copy of all above.

                                  S. M. Diaz
                              Samuel Medrano Diaz 763621

NO. _____

IN THE

SUPREME COURT OF THE UNITED STATES

Samuel Medrano Diaz,
            PETITIONER

      VS.

WILLIAM STEPHENS, DIRECTOR,
            RESPONDANT

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The Petitioner asks leave to file the attached Petition for a Writ of Certiorari without prepayment of costs and to proceed In Forma Pauperis.

[ X ] Petitioner has previously been granted leave to proceed in forma pauperis in the following court(s):

IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT AND THE UNITED STATE SOUTHERN DISTRICT OF HOUSTON DIVISION

[ ] Petitioner has not been granted leave to proceed in forma pauperis in any other court.

Petitioner's Affidavit or declaration in support of this motion is attached hereto.

S. M. Diaz #00763621
(signature)

## AFFIDAVIT OR DECLARATION

## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

I Samuel Medrano Diaz, am the Petitioner in the above entitled case. In support of my Motion to Proceed in Forma Pauperis, I state that because of my poverty I am unable to pay the costs of this case or to give security therefore, and I believe I am entitled to redress.

I am the Petitioner in this case, Samuel Medrano Diaz, Texas Prisoner Id. Number 763621. I have been in the Texas Department of Criminal Justice since my conviction. I do not work and earn money here in prison. The only money I recieve is from Family and Friends, which is mailed to Texas Department Criminal Justice Inmate Trust Fund. And therefore, I cannot pay the full amount in one some to proceed in this court. And ask that the Court order a percentage deposited, from Family and Friends Fund Account be withdrawn as deposited, from Family and Friends.

I have no spouse or own any property or recieve any other income from any other sources. I have provided this Court with a Six Month print out of my Inmate Trust Fund Deposits.

I understand a false statement in answer to any questions in this Affidavit will subject me to penalties for Perjury. I declare (Certify, Verify, or State) under penalty of perjury that the foregoing is true and correct (28 U.S.C.§1746).

SIGNED THIS THE ___20th___ DAY OF ___Feb___ 2015.

S.M. Diaz #00763621
<u>Signature of Plaintiff   Id No.</u>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

Samuel Medrano Diaz  763621
Plaintiff's name and ID Number

John B. Connally Unit
899 F.M. 632
Kenedy, Texas 78119
Place of Confinement

CASE NO._____
(Clerk will assign the number)

V.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL INSTITUTIONAL DIVISION,

**APPLICATION TO PROCEED
IN FORMA PAUPERIS**

Defendant's name and address

I, Samuel Medrano Diaz, declare, depose, and say I am the Plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state because of my poverty, I am unable to pay in advance the filing fee for said proceedings or to give security for the filing fee. I believe I am entitled to relief.

I, further declare the responses which I have made to the questions and instructions below are true.

1. Have you received, within the last 12 months, any money from any of the following sources?

    a. Business, profession or from self-employment? Yes ☐ No ☒
    b. Rent payments, interest or dividends? Yes ☐ No ☒
    c. Pensions, annuities or life insurance payments? Yes ☐ No ☒
    d. Gifts or inheritances? Yes ☐ No ☒
    e. Family or friends? Yes ☒ No ☐
    f. Any other sources? Yes ☐ No ☒

    If you answered **YES** to any of the questions above, describe each source of money and state the amount received from each during the past 12 months.

    _Two hundred from family and friends_

2. Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?

    Yes ☒   No ☐

    If you answered **YES** to any of the questions above, state the total value of the items owned.

    _$50 Inmate Trust Fund_

1

☆ATCIFP (REV. 9/02)

3. Do you own real estate, stocks, bonds, note, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

Yes ☐     No ☒

If you answered **YES**, describe the property and state its approximate value.

_____*N/A*_____

_____

**I understand a false statement in answer to any question in this affidavit will subject me to penalties for perjury. I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct (28 U.S.C. §1746).**

Signed this the ___*20th*___ day of ___*Feb*_____, 20 *15*.

_____*S. M. Diaz*___*#00763621*___
Signature of Plaintiff                      ID Number

**YOU <u>MUST</u> ATTACH A CURRENT SIX (6) MONTH HISTORY OF YOUR INMATE TRUST ACCOUNT. YOU CAN ACQUIRE THE APPROPRIATE INMATE ACCOUNT CERTIFICATE FROM THE LAW LIBRARY AT YOUR PRISON UNIT.**

☆ATCIFP (REV. 9/02)