# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30140
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2017

Lyle W. Cayce
Clerk

DAVID THOMAS SINGLETON,

Petitioner-Appellant

v.

KEITH COOLEY, WARDEN, ALLEN CORRECTIONAL CENTER,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:15-CV-599

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

David Thomas Singleton, previously Louisiana state prisoner # 81080, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 28 U.S.C. § 2241 motion. The § 2241 motion, which Singleton filed while incarcerated in Louisiana, challenges his sentence, including the continued state oversight on parole. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30140

Singleton fails to show a nonfrivolous issue for appeal as to his successive 28 U.S.C. § 2254 claims. *See* 28 U.S.C. §§ 1915(a)(1), 2244(b)(3)(A); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). In his prior § 2254 application, Singleton presented his argument that his 1993 resentencing unconstitutionally increased his punishment. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009). In the same proceeding, he challenged the calculation of his release date based on the resentencing, a claim also governed by § 2254. *See Whitehead v. Johnson*, 157 F.3d 384, 385 & n.1 (5th Cir. 1998). As to his double jeopardy claim, Singleton knew in 1993 that he was being resentenced for the same offense. That defect could have been raised in his original § 2254 application and is now successive. *See Leal Garcia*, 573 F.3d at 220. Because these claims are successive, Singleton needed this court's authorization to file, notwithstanding the district court's time-bar dismissal of his prior § 2254 application. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).

Singleton additionally argues that fraud upon the court and a conspiracy prevented the vindication of his rights in his original § 2254 proceeding and later motion to file a successive § 2254 application. The record does not support this claim. In any event, a § 2241 petition is not the proper vehicle to challenge the result of a prior § 2254 proceeding. The fraud claim also presents no nonfrivolous issue for appeal. *See Carson*, 689 F.2d at 586.

The motion to proceed IFP on appeal is DENIED. Singleton's motion to file a supplemental brief is GRANTED, but his motions for appointment of counsel and to expedite the appeal are DENIED. The appeal is DISMISSED. *See* 5th Cir. R. 42.2.